SCHEB, Judge.
Susan Gifford appeals a final summary judgment in favor of Dr. David Pedley in a medical malpractice action. We reverse.
On February 28, 1985, Dr. Pedley surgically removed two teeth from his patient, Ms. Gifford, who had a history of treatment by medication for high blood pressure and hypertension. The afternoon following the surgery, Ms. Gifford was hospitalized after suffering a stroke and several seizures.
Ms. Gifford filed a medical malpractice action against Dr. Pedley alleging that he was negligent in his evaluation of her preoperative condition, performance of the surgery, and monitoring of her high blood pressure before, during, and after the surgery. She also claimed that the surgery was performed without her informed consent. Dr. Pedley denied the allegations and claimed that Ms. Gifford was negligent in failing to inform him of her past medical condition and treatment. Dr. Pedley also contended that Ms. Gifford failed to follow his postoperative recommendations.
Dr. Pedley filed a motion for summary judgment, which was supported by an affidavit from Dr. Edward Willey. At that time, Dr. Pedley also filed a motion to strike the deposition testimony of Ms. Gif-ford’s expert witnesses, Drs. Sandra Levi-son and Barry Hendler. Prior to the summary judgment hearing, Ms. Gifford filed an affidavit in opposition by Dr. John Adriani and moved to strike Dr. Willey’s affidavit.
The trial judge granted Dr. Pedley’s motion to strike the depositions of Drs. Levi-son and Hendler on the basis that each physician improperly formed his opinion on inferences upon inferences. The judge also struck Dr. Adriani’s affidavit on the ground that it contained mere conclusions rather than facts. Following a review of the pleadings and Dr. Willey’s affidavit, the court entered a final summary judgment in favor of Dr. Pedley. On appeal, Ms. Gifford argues that the trial court erred in striking her expert witnesses’ depositions and Dr. Adriani’s affidavit and granting a final summary judgment.
Drs. Levison and Hendler opined during their depositions that it is necessary for oral surgeons to monitor the blood pressure of a hypertensive patient before, during, and after surgical procedures because of the psychological stress associated with the surgery. The experts reviewed two sets of conflicting medical records from Dr. Pedley’s office concerning Ms. Gifford’s blood pressure on the day of the surgery. Both experts testified that Dr. Pedley’s conduct fell below the prevailing standard of medical care for oral surgeons in the presurgical management and monitoring of hypertensive patients. Dr. Hendler also opined that if Dr. Pedley had adhered to the requisite standard of care, injury to Ms. Gifford would likely have been prevented.
It is a well established principle of Florida jurisprudence that:
summary judgment procedures should be applied with special caution in negligence actions. [Citations omitted.] This is particularly true in malpractice suits where, as here, the attending facts are peculiarly within the knowledge of the movants and the showing of negligence is generally dependent upon expert testimony as to the standard of care required and observed.
Holl v. Talcott, 191 So.2d 40, 46 (Fla.1966). Instead of striking the depositions in their entirety, the trial judge should have reviewed the depositions and determined *1196 whether specific portions could be admitted even if other portions should be excluded as being based on secondary inferences. Had the trial judge followed this course, we think the admissible portions of the experts’ depositions, which were not based on secondary inferences, would have established that there were disputed issues of material fact in the record regarding Dr. Pedley’s alleged negligence. For this reason, we need not address the issue regarding the sufficiency of Dr. Adriani’s affidavit at this time.
Finally, we have not overlooked the question argued by counsel of why there are two sets of conflicting medical records concerning Ms. Gifford’s blood pressure on the day of the surgery. We think, however, that this is a matter for further consideration by the trial court and should not be resolved in this appeal.
Reversed and remanded for further proceedings.
CAMPBELL, C.J., and FRANK, J., concur.